**AFFIRMED as Modified; Opinion Filed January 12, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00084-CR

**CHRISTOPHER CHARLES JEFFERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-58819-Q**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Lang

Christopher Charles Jefferson waived a jury and pleaded guilty to sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (West 2011). The trial court assessed punishment at ten years' imprisonment. On appeal, appellant's attorney filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief

to appellant. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

Appellant filed a pro se response raising several issues  After reviewing counsel's brief, appellant's pro se response, and the record, we agree the appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases).  We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we note the trial court's judgment contains an error. Appellant was convicted of sexual assault of a child, an offense that is subject to the sex offender registration requirements of Chapter 62.  *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A) (West Supp. 2014).  The judgment, however,  states the sex offender registration requirements "do not apply to the Defendant."  We modify the judgment to show that sex offender registration requirements apply and the victim's age was fifteen years.  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.  We order the trial court to issue an amended judgment that reflects this change and to include the language required by the Texas sex offender registration statutes.

/ Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140084F.U05

-2-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER CHARLES
JEFFERSON, Appellant

No. 05-14-00084-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-58819-Q).
Opinion delivered by Justice Lang, Justices
Brown and Whitehill participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** to show that Sex Offender Registration Requirements do apply to the defendant and that the age of the victim as the time of the offense was fifteen years.

As modified, we **AFFIRM** the trial court's judgment.

We **ORDER** the trial court to issue an amended judgment that reflects the above changes and to include any other language required by the Texas sex offender registration.

Judgment entered January 12, 2015.